[Department One. — January 16, 1883.]

GEORGE K. PORTER, RESPONDENT, *v.* THERON W.
HOPKINS ET AL., APPELLANTS.

INJUNCTION — UNDERTAKING — DAMAGES. — Reasonable counsel fees for obtaining
the dissolution of an injunction are allowable as damages in an action on the
undertaking, but fees for other services rendered by counsel in the injunction
suit are not allowable.

COSTS — MEMORANDUM — WHEN TO BE FILED. — In the provision of the Code
prescribing the time within which a memorandum of costs must be filed, the
decision referred to is the finding of facts and conclusions of law signed by the
court and filed with the clerk as the basis of the judgment.

APPEAL from a judgment of tne Superior Court of the city
and county of San Francisco, and from an order refusing a new
trial.

The action was brought on an undertaking for an injunction.
The facts are stated in the opinion of the court.

*McElrath & Eells,* for Appellants.

*B. S. Brooks,* for Respondent.

MCKEE, J. — By the undertaking in suit the defendants
undertook to pay such damages as might be sustained by reason
of the issuance of an injunction, if it should be finally decided
by the court that the parties in whose behalf the writ was issued
were not entitled to it.

The writ was issued out of one of the late District Courts of
the city and county of San Francisco in a suit in equity brought
by Egbert Judson et al. against George K. Porter et al. to per-
petually enjoin the latter from prosecuting certain actions at
law then pending for the recovery of some real estate which was
then in controversy between the parties to the suit. It was
admitte.l by the pleadings in the case in hand that the plaintiff
Porter was the sole party interested in the prosecution of the
actions enjoined, and on the trial the court found that he had
incurred and paid out, for the services of counsel in and about the
dissolution of the injunction, the sum of one thousand dollars;
and he had been also compelled to pay as a further counsel fee
the sum of two hundred dollars, for services rendered in pro-
curing from the court, out of which the injunction had been

issued final judgment that the plaintiffs in the injunction suit were not entitled to the writ.

These were the only two items of damages considered and allowed by the court, and the question arises, Are the defendants liable on their undertaking for each of these items?

Upon the final decision by the court that the plaintiffs were not entitled to the writ of injunction, a cause of action accrued, according to the terms of the undertaking, to recover such damages as had been sustained by reason of the injunction.

'Reasonable and necessary counsel fees expended in obtaining a dissolution of the injunction are properly allowable as damages in a suit upon the undertaking. (*Wilson* v. *McEvoy*, 25 Cal. 172; *Prader* v. *Grimm*, 28 Cal. 11.) The services, for which the plaintiff incurred and paid out one thousand dollars, were rendered by his counsel on two motions made to dissolve the injunction, and on appeal from the last order refusing to dissolve it to the Supreme Court, where the order was reversed with direction to the lower court to dissolve the injunction. The services upon these motions were necessary, the charge for them was reasonable, and it was paid by the plaintiff. The finding to that effect is fully sustained by the evidence, and the sum was properly allowed.

But the allowance of the additional sum of two hundred dollars for the alleged services of counsel in obtaining a final judgment in the case, that the plaintiffs were not entitled to the injunction, was erroneous.

The record shows that after the final order for the dissolution of the injunction the case was tried on its merits and a judgment entered for the plaintiff; but on appeal to the Supreme Court from the judgment it was reversed and the cause remanded for a new trial. Before a new trial was had the plaintiffs declined further to prosecute the suit, and moved the court to dismiss it; that motion was resisted by defendants, and the court denied it, but the court did dismiss the action after deciding that the injunction had been improperly issued. Resistance to the plaintiffs' motion was unnecessary, because the dismissal of the action upon that motion, following the dissolution of the injunction and the decision of the case by the Supreme Court, would have been equivalent to a final decision that the plaintiff was not entitled

to the injunction, even if the previous dissolution did not have that effect, and would have operated as a breach of the undertaking on injunction upon which the defendants would have become liable to respond in damages. (*Dowling* v. *Polack,* 18 Cal. 626; *Leese* v. *Sherwood,* 21 Cal. 164; *Fowler* v. *Frisbie,* 37 Cal. 34.)

But liability could not be enforced against them for other counsel fees or damages than the reasonable and necessary fees expended in obtaining a dissolution of the injunction. After dissolution the cause itself still existed, independent of the writ of injunction; and the expense of services rendered after the dissolution in the cause itself, or in resisting a motion to dismiss the cause, was not damages sustained by reason of the writ; attorney's fee for services rendered in the case after the dissolution of the injunction was therefore improperly allowed. (*Elder* v. *Sabin,* 66 Ill. 131; *Wilson* v. *Haecker,* 85 Ill. 349; *Robertson* v. *Robertson,* 58 Ala. 68; *Bustamente* v. *Stewart,* 55 Cal. 115.)

There was no error in refusing to strike out the memorandum of costs.

Section 1033 of the Code of Civil Procedure requires the party in whose favor judgment is rendered to file and serve a memorandum of his costs and disbursements within five days after notice of the decision of the court when the case is tried without a jury. The decision referred to is the finding of facts and conclusions of law, signed by the court and filed with the clerk as the basis of the judgment entered. (§§ 632, 633, *supra.*) In the case in hand the memorandum was filed within five days after the filing of the "decision," and it was filed in time.

Judgment and order reversed and cause remanded unless the plaintiff remits two hundred dollars of the judgment. Upon remitting that amount in the court below the judgment as modified will stand affirmed.

Ross, J., and McKinstry, J., concurred.

Hearing in Bank denied.