(May 12, 1916.)

## W. W. FERRELL, A. C. TAYLOR and DAN LESTER, Respondents, v. COEUR D'ALENE & ST. JOE TRANSPORTATION CO., LTD., a Corporation, WILLIAM DOLLAR and EZRA R. WHITLA, Appellants.

[157 Pac. 946.]

TEMPORARY INJUNCTION—RESISTANCE—TRIAL ON MERITS—BOND ACTION TO RECOVER COUNSEL FEES — SERVICES RENDERED PROCURING DISSOLUTION—DAMAGES—INSTRUCTIONS—EVIDENCE INSUFFICIENT TO SUSTAIN JUDGMENT.

1. Where an action is brought upon an injunction bond for the recovery of counsel fees for the alleged wrongful issuance of an injunction, *pendente lite*, and the complaint fails to allege that after the issuance of the injunction an appeal was taken from the order granting it, or that a motion was made in the trial court to dissolve it, and it affirmatively appears that the injunction was not the primary and principal relief sought, and that no move was made against the injunction, but the action was tried out on its merits in the trial court and judgment rendered and entered thereon in favor of plaintiffs, from which judgment an appeal was taken to the supreme court, where the judgment was reversed and the cause remanded, and thereafter the action was dismissed and the injunction dissolved, the complaint fails to state a cause of action for the recovery of counsel fees against the sureties upon such injunction bond given under an order of the court as a condition precedent to the issuance of the temporary injunction.

2. Where an injunction is granted *pendente lite*, it being only ancillary to the relief sought, and no motion is made to dissolve it and obtain thereon a decision of the court, but instead, the defendant prefers to defeat the action, he waives his right to recover counsel fees from the sureties on the injunction bond for services rendered in connection with the trial of the cause.

3. Reasonable compensation paid or contracted as counsel fees in procuring a dissolution of an injunction may be recovered in an action upon the injunction bond, but the compensation thus allowed must be limited to services rendered in procuring the dissolution.

For cases passing on the question of recovery upon injunction bond of attorneys' fees necessarily expended in dissolving the injunction, see notes in 16 L. R. A., N. S., 49; 33 L. R. A., N. S., 844.

4. The allowance of counsel fees as damages on dissolving an injunction is based upon the fact that defendant has been compelled to employ aid in ridding himself of an unjust restriction which has been placed upon him by the action of the plaintiff, and is restricted to such counsel fees as are necessarily incurred in procuring the dissolution of the injunction.

5. Counsel · fees cannot be recovered for services rendered in opposition to a show-cause order, since such services are by virtue of the order to show cause, and not by virtue of the injunction.

6. *Held,* that it was reversible error for the trial court to permit witnesses to testify what in their opinion would be a reasonable attorney's fee for services rendered other than such as were rendered in securing a dissolution of the temporary injunction.

7. *Held,* that the court erred in giving and in refusing to give certain instructions.

8. *Held,* that the evidence was insufficient to sustain the judgment.

[As to attorneys' fees on dissolution of injunction, see notes in 77 Am. Dec. 158; Ann. Cas. 1912D, 715.]

APPEAL from the District Court of the Eighth Judicial District for Kootenai County. Hon. R. N. Dunn, Judge.

Action to recover damages and counsel fees on an injunction bond. Judgment for plaintiffs. *Reversed.*

Elder & Elder, for Appellants.

It does not follow that the temporary injunction was wrongfully issued simply because the cause was finally decided in favor of the defendants. If it is shown by the complaint that the temporary injunction was not appealed from and no move was made against it, and that the cause was tried out on the merits, then no action would lie on the injunction bond, and the complaint fails to state a cause of action. (*Curtiss v. Bachman,* 110 Cal. 433, 52 Am. St. 111, 42 Pac. 910; *Donahue v. Johnson,* 9 Wash. 187, 37 Pac. 322.)

The only damage or attorneys' fees which may be allowed are such as is contemplated by the contract of the parties, and then the damages must be confined to that damage caused by the temporary injunction and attorneys' fees in seeking to dissolve said injunction. (*Mitchell v. Hawley,* 79 Cal. 301,

21 Pac. 833; *Creek v. McManus,* 17 Mont. 445, 43 Pac. 497; *Church v. Baker,* 18 Colo. App. 369, 71 Pac. 888; *Tabor v. Clark,* 15 Colo. 434, 25 Pac. 181.)

In order for a defendant to collect attorney's fees on a bond for the dissolution of the injunction, it is necessary that he show that the services rendered were performed in securing the dissolution of the injunction. (*Miller v. Donovan,* 13 Ida. 735, 92 Pac. 991, 13 Ann. Cas. 259.)

Counsel fees rendered in resisting the motion for preliminary injunction are not within the terms of the undertaking, since they are not expenses made necessary by reason of the injunction. (*Sweet v. Mowry,* 71 Hun, 381, 25 N. Y. Supp. 32; *Whiteside v. Noyac Cottage Assn.,* 84 Hun, 555, 32 N. Y. Supp. 724.)

McFarland & McFarland, for Respondents.

The test of the condition of the bond is whether it shall finally appear, at the conclusion of the litigation, that plaintiff was not entitled to the injunction. Any other construction takes the whole value and protection away from the bond.

The supreme court of Idaho has examined the question of allowance of attorney's fees in injunction cases and upon injunction bonds. The same objections that are urged against the recovery of attorney's fees upon the injunction bond in this case were urged against the recovery of attorney's fees in the case of *Miller v. Donovan,* 13 Ida. 735, 92 Pac. 991, 13 Ann. Cas. 259; 1 Spelling on Injunctions, sec. 953; *Creek v. McManus,* 13 Mont. 152, 32 Pac. 675; *Anderson v. Provident Life & Trust Co.,* 26 Wash. 192, 66 Pac. 415; *Thomas v. McDaneld,* 77 Iowa, 299, 42 N. W. 301.

BUDGE, J.—On July 3, 1911, the Coeur d'Alene & St. Joe Transportation Company, Ltd., a corporation, commenced an action in the district court against W. W. Ferrell, A. C. Taylor and Dan Lester, and, after due notice to the defendants and after a hearing had, procured, on the filing of a bond in the sum of $1,000, the issuance of an injunction *pendente lite* enjoining them from landing the steamboat "Ferrell" at the

electric dock at Coeur d'Alene. The cause was tried on its merits on or about December 29, 1911, and judgment was entered in favor of the Coeur d'Alene & St. Joe Transportation Company, Ltd., and the temporary injunction made permanent. The order granting the temporary injunction was never appealed from. But an appeal was taken from the judgment. The judgment was reversed by this court, and the cause remanded with instructions to the trial court to take further proceedings, which finally resulted in the action being dismissed and the permanent injunction dissolved in the district court.

This action is brought upon the injunction bond which was given by appellants, conditionally, upon the issuance of the temporary injunction.

Respondents allege in their complaint that they were compelled to pay or contracted to pay their attorneys $1,000 for legal services rendered in connection with the dissolution of the injunction *pendente lite* wrongfully issued in the former action, and that they also suffered damages in the sum of $3,100 in consequence of being deprived of the use of the electric dock at Coeur d'Alene for landing the steamboat "Ferrell," and thereby prevented from making traffic connections with the Spokane & Inland Empire Railroad Company, and carrying on their business as common carriers of passengers and freight on Lake Coeur d'Alene.

Appellants in their answer deny that the respondents paid or agreed to pay their attorneys $1,000 or any amount for legal services rendered in connection with the dissolution of the injunction *pendente lite;* and in substance affirmatively allege that whatever services were rendered by counsel for respondents in the original action were in resisting the show-cause order and in the trial of the cause on its merits in the district and supreme courts; that no move was made by respondents or their counsel for the purpose of procuring a dissolution of the injunction *pendente lite;* but that the same was dissolved as a result of a reversal of the judgment by the supreme court.

This cause was tried to a jury upon the issues made by the pleadings, and a judgment in the sum of $650 was entered upon the verdict. This appeal is from the judgment and from an order of the trial court denying appellants' motion for a new trial.

Appellants insist that the evidence discloses the fact that no move of any kind was made against the injunction *pendente lite,* and that all services performed by respondents' attorneys with relation thereto were in resisting the issuance of the temporary injunction and in trying the case on its merits in the district court, and in prosecuting an appeal to the supreme court from the judgment entered in the district court. They also contend that it appears from the record that W. W. Ferrell leased the steamboat "Ferrell" to respondents Lester and Taylor for the stipulated sum of $100 per month, and that he had no interest in said boat, and therefore suffered no loss by reason of the issuance of the temporary injunction; and further, that the evidence fails to show that respondents Lester and Taylor were damaged. Respondents, on the other hand, contend that the evidence shows that by reason of the issuance of the temporary injunction Taylor and Lester were compelled to cease the operation of the steamboat "Ferrell" and to surrender the same up to respondent Ferrell, who, by reason of such surrender, lost the rental value of the boat and was precluded from operating it.

Appellants in their briefs assign and rely for a reversal of the judgment on thirty specifications of error. These assignments of error are directed against the action of the court in overruling their demurrer to respondents' complaint, in overruling and sustaining objections to the admissibility of evidence, both oral and documentary, in denying appellants' motion for nonsuit made after respondents rested and again after all the evidence had been introduced, in denying appellants' motion for an instructed verdict, in refusing appellants' motion for judgment notwithstanding the verdict of the jury, in refusing to enter judgment notwithstanding such verdict, in entering judgment in favor of respondents and against

appellants, in giving and refusing certain instructions, and in overruling and denying appellants' motion for a new trial.

Counsel for appellants first contend that the order of the trial court granting the injunction *pendente lite* is an appealable order under subdivision 3, sec. 4807, Rev. Codes, as amended Sess. Laws 1911, p. 367 (subd. 2), and again amended Sess. Laws 1915, p, 193; that it was incumbent upon respondents, if the order was not rightfully granted, to appeal therefrom, or to move for a dissolution of the temporary injunction subsequent to its issuance by the trial court; and that as neither of these courses was pursued, but the injunction was allowed to stand until the action was tried upon its merits and simply failed because of the decision upon the merits, no attorney's fees can be recovered from the sureties on the injunction bond.

They insist that as the complaint does not allege that an appeal was taken from the order granting the temporary injunction, or that after the issuance of the temporary injunction a motion was made for its dissolution, it fails to state facts sufficient to constitute a cause of action; that while the complaint does allege, among other things, "That by reason of said injunction, *pendente lite,* the said plaintiff suffered and sustained damage in the sum of and to the amount of three thousand one hundred ($3,100.00) dollars on account of the loss of the use of said boat and the further sum of one thousand ($1,000.00) dollars, reasonable attorney's fees, incurred by the plaintiffs by reason of said injunction, *pendente lite,*" yet these are not sufficient allegations to withstand the assault of their special demurrer; and that it does not follow because the cause of action was finally decided in favor of respondents on appeal, that the temporary injunction was wrongfully issued, or that the sureties on the injunction bond are liable.

The bond, which is attached to and made a part of respondents' complaint, contains the following covenant:

"The said plaintiff will pay to the said parties enjoined such cost, damages and reasonable counsel fees, not exceeding the sum of one thousand dollars ($1,000.00), as such persons may sustain, by reason of the said injunction, if the said

court finally decide that the said plaintiff was not entitled thereto.''

Appellants insist that this was not a covenant upon which a recovery could be based, in the absence of allegations in the complaint, and proof in support thereof, that an appeal was taken from the order of the court in granting the temporary injunction, or that after the temporary injunction was issued, a motion was made for its dissolution and denied, from which action of the trial court an appeal was taken, resulting in a dissolution of the temporary injunction. In addition to this contention they urge that where it affirmatively appears that the injunction was not the primary and principal relief sought, and that the cause of action was tried out on its merits in the district court and a judgment rendered and entered in favor of appellants, from which judgment an appeal was taken to this court and the judgment reversed, no action will lie on the injunction bond.

In support of their position they cite and rely upon a number of decisions from the supreme court of California and other states, among which is the case of *Curtiss v. Bachman,* 110 Cal. 433, 52 Am. St. 111, 42 Pac. 910, wherein the court said: ''It does not follow that, because the plaintiff failed to sustain his action at the trial, the preliminary injunction was not properly issued. It is one of the provisional remedies authorized by the Code of Civil Procedure, and the right of a party to such remedy is the same as is the right to a permanent injunction. . . . . If the plaintiff obtains an injunction *ex parte,* and before the hearing of the cause the defendant can secure its dissolution, either by reason of a defect in the original application, or upon a counter showing on his part, he thereby obtains a decision of the court that the plaintiff was not entitled to this provisional remedy, even as a matter of discretion; . . . . but if, instead of seeking such decision of the court, he prefers to defeat the plaintiff in the action, he waives his right to recover from the sureties any damages that he may sustain by reason of its issuance. . . . . The loss of time and injury to the business of the appellant were clearly outside of the undertaking of the sureties.''

Another case cited by appellants is that of *Donahue v. Johnson,* 9 Wash. 187, 37 Pac. 322, wherein the supreme court of Washington said: "In an action on an injunction bond, where no motion is made to dissolve the injunction, which stands until the decision on the merits by which it is dissolved, counsel fees for services in connection with a dissolution of the injunction cannot be recovered." To the same effect are the cases of *Allport v. Kelley,* 2 Mont. 343; *Littleton v. Burgess,* 16 Wyo. 58, 91 Pac. 832, 16 L. R. A., N. S., 49.

That reasonable compensation paid as counsel fees in procuring the dissolution of an injunction may be recovered in an action upon the bond must be conceded to be the general rule, but the compensation thus allowed is in all cases limited to services rendered in procuring the dissolution of the injunction, only. The reason for the rule allowing counsel fees where an injunction has been improperly issued and afterward dissolved is stated in High on Injunctions, vol. 2, 4th ed., sec. 1686, as follows:

"The allowance of counsel fees as damages upon dissolving an injunction is based upon the fact that defendant has been compelled to employ aid in ridding himself of an unjust restriction, which has been placed upon him by the action of plaintiff. And the true test with regard to the allowance of counsel fees as damages would seem to be, that if they are necessarily incurred in procuring the dissolution of the injunction, when that is the sole relief sought by the action, they may be recovered. . . . . Nor will such fees be allowed when no motion to dissolve was made and when the fees proven were for the preparation and management of the case upon the final hearing, and when it is not shown that any portion of such expense was caused by reason of the temporary injunction."

Counsel fees may not be recovered for services rendered in opposition to a motion to show cause why a preliminary injunction should not issue, since such services are by virtue of the order to show cause, and not by virtue of the injunction. (*Curtiss v. Bachman, supra.*) The principle announced by all of the authorities seems to be to the effect that in an action

brought upon an injunction bond to recover counsel fees by reason of the unlawful issuance of the injunction, the recovery is limited to fees for services rendered in procuring a dissolution of the injunction on motion or appeal from the order granting it, where the injunction is merely incidental to the relief sought, or on final judgment in an action the sole and principal object of which is to obtain injunctive relief. Fees paid for any other services either in resisting an order to show cause or in preparing for or trying the main case are not proper items for which recovery may be had. (*Allen v. Brown,* 5 Lans. (N. Y.) 511; *Mitchell v. Hawley,* 79 Cal. 301, 21 Pac. 833; *Porter v. Hopkins,* 63 Cal. 53; *Newton v. Russell,* 87 N. Y. 527.)

We recognize the rule laid down by some appellate courts, that attorney's fees are allowable for defending in the entire action, where the injunction is the only relief sought and a dissolution thereof is procured upon final hearing, but not where the injunction is merely ancillary and not essential to the relief sought. In the original action brought by appellant against respondents, the injunction was not the primary and principal relief sought, but was merely ancillary and not essential to it. Therefore, under the above rule, counsel fees are not recoverable from the sureties on the injunction bond, though the injunction was dissolved on final hearing on the merits, because in the original action no appeal was taken from the order of the trial court granting the temporary injunction, and no motion was made to dissolve the temporary injunction.

From our examination of the respondents' complaint we are of the opinion that appellants' contention against it is meritorious. We also think that the complaint was demurrable upon the further ground of uncertainty and ambiguity in alleging damages by reason of the unlawful issuance of the injunction from the date of the filing of the complaint in the original action in the trial court down to and including the filing of the *remittitur* from the appellate court. It follows from what has been said that the trial court erred in overruling appellants' demurrer.

While we do not deem it necessary to discuss each and all of the assignments of error, we think it proper to call attention to the erroneous ruling of the trial court in admitting the testimony of certain attorneys called on behalf of respondents for the purpose of establishing what in their opinion would be a reasonable attorney's fee for services rendered in the former action. The question propounded to these witnesses was as follows:

"In an action brought by the Coeur d'Alene Transportation Co. against the plaintiffs in this action for a restraining order and injunction prohibiting Mr. Ferrell and his codefendants in the action from landing their boat, the steamer 'Ferrell,' at, or tying up to the electric dock in this city, and in which the injunction was issued by this court, the district court of the eighth judicial district of the state of Idaho in and for Kootenai county, and a trial was had in said district court which resulted in a decree in favor of the plaintiff in that action against the defendants, enjoining them and restraining them from landing at, or tying to, said dock; appeal was taken by the defendants to the supreme court and the decision of the district court was reversed by the supreme court, and thereafter, upon the *remittitur* being filed in this court, the district court entered a decree dissolving the injunction. What would you say would be a reasonable attorney's fee for the rendering of the services which Mr. McNaughton testified in this case that he rendered in that case?"

In our opinion it was prejudicial error for the court to permit the witnesses to make answer to the foregoing question, for the reason that it contains matters wholly immaterial so far as respondents' right to recover upon this injunction bond is concerned. The inquiry should have been confined strictly to the question of what in their opinion would be a reasonable attorney's fee for securing a dissolution of the temporary injunction, had any service been rendered therefor. We think we are safe in assuming that the jury, in reaching their verdict, took into consideration all services rendered by counsel in connection with the trial of the cause in

the trial court, and on appeal, as well as the services rendered in resisting the show-cause order and other services rendered by counsel subsequent to the reversal of the cause in this court after the *remittitur* had reached the trial court, and in procuring a dismissal of the cause ultimately in the district court.

We think the same objection is equally tenable to the testimony of witness McNaughton, wherein he testified to all services rendered by his firm from the inception of the case until the *remittitur* reached the trial court, where the case was finally disposed of.

The action of the trial court in subsequently permitting counsel for respondents to testify to a division of the fee, or to fix a fee in a lesser amount for alleged services rendered in connection with the issuance of the injunction only, did not, in view of the entire record, cure the error committed.

Assignments 16 to 24 relate to the action of the trial court in giving certain instructions excepted to by appellants and in refusing to give certain instructions requested by appellants. In our opinion instruction No. 4 requested by appellant and refused by the court clearly states the law, and should have been given. This instruction reads as follows:

"You are further instructed that the defendants are not liable for the value of attorney's fees for services in the trial of said cause in the district court, and are not liable for attorney's fees on the appeal to the supreme court; the only attorney's fees which can be considered in an assessment of damage in this case are the fees paid by plaintiffs to their attorneys in securing the dissolution of the temporary injunction, if any such were paid."

We think this instruction is supported by the decision in the case of *Miller v. Donovan*, 13 Ida. 735, 92 Pac. 991, 13 Ann. Cas. 259, where this court, in construing sec. 4291, Rev. Codes, said: "Under the provisions of the foregoing section, in order for a defendant to collect attorney's fees on a bond after dissolution of the injunction, it is necessary that he show that the service rendered was performed in securing the dissolution of the injunction. . . . . "

Such instructions as were given by the trial court at the request of the respondents which conflict with the above instruction were erroneous, and would, had the complaint stated facts sufficient to constitute a cause of action, have resulted in a reversal of the cause.

From an examination of the record, we have reached the conclusion that the evidence was insufficient to sustain the verdict or to justify the judgment entered thereon by the trial court. We think the evidence clearly shows that the employment of the law firm of Messrs. McNaughton & Berg was a general employment; that the services they rendered were general in their nature; that no services were rendered in connection with the dissolution of the temporary injunction; that no motion was made to dissolve the temporary injunction and no appeal was taken from the action of the court in issuing the temporary injunction. And since the sureties upon the bond would not be liable for attorney's fees incurred in resisting the show-cause order or in the trial of the case in the district court on its merits or on appeal, in the absence of competent evidence in the record that attorney's fees were paid or contracted to be paid in procuring the dissolution of the temporary injunction, the respondents here cannot recover.

At the trial, W. W. Ferrell testified that he was the owner of the steamboat "Ferrell," and that he had leased it to Messrs. Taylor and Lester just a few days before the temporary injunction was issued or applied for, and that there was no agreement or arrangement whereby he was required to furnish a dock or landing place for the benefit of the lessees. From this it is apparent that he suffered no damage by reason of the injunction. His remedy was upon his lease.

The court struck out the testimony of witness Ferrell, and since there is no cross-appeal by respondents, that evidence cannot be reviewed. A consideration of such evidence as remains in the record fails to disclose that respondents Taylor and Lester suffered any damage by reason of the temporary injunction restraining them from landing at the electric dock at Coeur d'Alene, or that they employed counsel and in-

curred expense in procuring a dissolution of the preliminary injunction.

There are several reversible errors other than those we have discussed, but we do not deem it necessary to dispose of them in this case. From what has already been said it follows that the judgment of the trial court must be reversed. The cause is therefore remanded, with instructions to the trial court to take further action in accordance with the views herein expressed. Costs are awarded in favor of appellants.

Sullivan, C. J., and Morgan, J., concur.