Points Decided.

(March 3, 1922.)

WILLIAM G. SCHOLTZ et al., Respondents, v. AMER-
ICAN SURETY COMPANY OF NEW YORK, a Cor-
poration, Appellant.

[206 Pac. 187.]

Restraining Order — Temporary Injunction Bond on Restraining
Order—Recovery on Bond for Counsel Fees.

1. A restraining order granted under the provisions of C. S.,
6773, is an order granted for the purpose merely of suspending
proceedings, until it may be determined by the court whether any
injunction should be granted, and is not to be considered an in-
junction *pendente lite.* Upon such determination it becomes
*functus officio.*

2. The distinction between a restraining order and a temporary
injunction is not necessarily indicated by the particular phraseology
used in the order, but is to be determined by its purpose and effect
under the circumstances existing in a given case.

3. The liability of a surety upon a bond for a restraining order
is measured by the terms of his contract, and must be limited to
such damages and reasonable counsel fees as may be sustained or
incurred by the opposing party on account of the restraining order,
and to be entitled to recover for attorney fees upon the bond sup-
porting a restraining order, the defendant must take some affirma-
tive action against the order before it has become defunct by
operation of law.

4. Counsel fees may not be recovered on a bond for a restrain-
ing order for services rendered in opposition to an order to show
cause, and not by virtue of the restraining order.

APPEAL from the District Court of the Third Judicial
District, for Ada County. Hon. Chas. F. Reddoch, Judge.

Action upon a restraining order bond for attorney fees.
Judgment for plaintiffs and order denying a motion for new
trial. *Reversed.*

Publisher's Note.
2. Distinction between temporary injunction and restraining
order, see note in Ann. Cas. 1917B, 123.

W. B. Davidson and E. J. Dockery, for Appellant.

The court erred in admitting evidence of attorneys' services rendered for plaintiff in resisting the complaint in the main action, upon which this action is based, and in not confining such evidence to services rendered by plaintiffs' attorneys in resisting the restraining order in said action alone. (*Curtiss v. Bachman,* 110 Cal. 433, 52 Am. St. 111, 42 Pac. 910; *San Diego Water Co. v. Pacific Coast Steamship Co.,* 101 Cal. 216, 35 Pac. 651; *White Pine Lumber Co. v. Aetna Indemnity Co.,* 42 Wash. 569, 85 Pac. 52; *Collins v. Huffman,* 48 Wash. 184, 93 Pac. 220; *Lambert v. Alcorn,* 144 Ill. 313, 33 N. E. 53, 21 L. R. A. 611; *Thurston v. Haskell,* 81 Me. 303, 17 Atl. 73; *Lambert v. Haskell,* 80 Cal. 611, 22 Pac. 327; *Quinn v. Baldwin Star Coal Co.,* 19 Colo. App. 497, 76 Pac. 552.)

Kessler & Pizey and Elliott & Healy, for Respondents.

The distinction between a temporary restraining order, or interim restraining order, and a temporary injunction *pendente lite,* is indicated. (Joyce on Injunctions, p. 119, sec. 111; High on Injunction, 4th ed., sec. 3; 22 Cyc. 745; 14 R. C. L. 306, sec. 3; 12 2d Dec. Dig., title "Injunctions," sec. 150; *Houghton v. Cortelyou,* 208 U. S. 149, 28 Sup. Ct. 234, 52 L. ed. 432; *State v. Baker,* 62 Neb. 840, 88 N. W. 124; *State v. Graves,* 82 Neb. 282, 117 N. W. 717; *In re Sharp,* 87 Kan. 504, Ann. Cas. 1913E, 460, 124 Pac. 532; *Ex parte Grimes,* 20 Okl. 446, 94 Pac. 668; *Ex parte Zuccaro,* 106 Tex. 197, Ann. Cas. 1917B, 121, 163 S. W. 579.)

Temporary restraining orders issue only where the court or judge deems it proper that the defendant should be heard before granting the temporary injunction. (C. S. 6773; Kerr's Code Civ. Proc. (Cal.), sec. 530; *In re Sharp, supra; State v. Baker* (Neb.), *supra; Ex parte Grimes, supra; Parsons v. Mussigbrod,* 59 Mont. 336, 196 Pac. 528.)

The restraint which the order purports to impose and not the name given to it determines its true name and character. (*State v. Johnston,* 78 Kan. 615, 97 Pac. 790.)

Even if the order in question could be considered as a mere temporary restraining order as authorized by sec. 6773, C. S., it was nevertheless an injunction as defined by sec. 6768. (*MacWatters v. Stockslager,* 29 Ida. 803, 162 Pac. 671; *State v. Werner,* 80 Kan. 222, 101 Pac. 1004; *Miles v. Edwards,* 6 Mont. 180, 9 Pac. 814; *Montgomery v. Gilbert,* 24 Mont. 121, 60 Pac. 1038; *Prader v. Grim,* 13 Cal. 585.)

The bond furnished by appellants indemnified respondents in the language of the statute and therefore clearly obligated the principal and surety to the payment of attorney's fees. The efficacy of the writ did not cease until the end of the hearing. (*Miller v. Donovan,* 13 Ida. 735, 13 Ann. Cas. 259, 92 Pac. 991; *Miles v. Edwards, supra.*)

Inasmuch as the only relief sought in the action brought by appellant Hamilton was the securing of an injunction, and the temporary restraining order issued therein was dissolved and the action dismissed, respondents are entitled to recover such reasonable attorney's fees as were necessarily incurred in dissolving the injunction, under the general head of damages, even in the absence of an express statute providing for allowance of "reasonable attorney's fees." (*McDermott v. American Bonding Co.,* 56 Mont. 1, 179 Pac. 828; *McClintock v. Parish* (Okl.), 180 Pac. 689; *Esselstyn v. United States Gold Corp.,* 69 Colo. 547, 196 Pac. 183; *Vicksburg Water Works Co. v. City of Vicksburg,* 99 Miss. 132, Ann. Cas. 1913D, 917, 54 So. 852, 33 L. R. A., N. S., 844; *Littleton v. Burgess,* 16 Wyo. 58, 91 Pac. 832, 16 L. R. A., N. S., 49; 12 2d Dec. Dig., title "Injunctions," sec. 252.)

BUDGE, J.—This action was brought by respondents, to recover $1,000 for attorneys' fees incurred by them, upon a bond made and executed in that amount by appellant in the case of *W. R. Hamilton v. The National Non-Partisan League et al.,* in the district court for Washington county. The cause was tried to the court and a jury. Verdict

was rendered in respondents' favor for $750, and judgment entered for said amount and costs. A motion for new trial was made and denied. This appeal is from the order denying the motion for new trial.

From the record it appears that on July 29, 1918, W. R. Hamilton brought an action in the district court for Washington county against The National Non-Partisan League et al., for the purpose of preventing Non-Partisan League candidates from being placed as candidates on the Democratic state election ticket, and that upon the application of the plaintiff an "order to show cause and restraining order" was issued by Hon. Isaac F. Smith, district judge, on said date, which reads in part as follows:

" . . . . It is . . . . ordered, that the defendants . . . . and each of them, appear before me in the Court Room . . . . in the City of Weiser, County of Washington, State of Idaho, on the 1st day of August, 1918, at the hour of 11 A. M. of that date, to show cause, if any, why they and each of them should not be perpetually enjoined and restrained from filing with the Secretary of State . . . . the name of (certain of the defendants) as candidates for and nominees of the Democratic Ticket of the State of Idaho, to be voted for at the Primary Election to be held on the first Tuesday in September, 1918, and that they and each of them be enjoined and restrained from filing the acceptance of the above-named persons or either of them, as nominees of the Democratic Ticket of the State of Idaho, to be voted for at said Primary Election.

"That the said . . . . Secretary of State . . . . be enjoined from receiving or filing the nomination of . . . . (certain of the defendants) . . . . or either of them, as nominees on the Democratic Ticket . . . . and . . . . from certifying to the County Auditors . . . . the name of . . . . (certain of the defendants), or either of them, as candidates on the Democratic Ticket to be voted upon at the Primary Election to be held . . . . on the Third day of September, 1918.

Opinion of the Court—Budge, J.

"It is further ordered that the said defendants . . . . and each of them . . . . do absolutely desist and refrain from filing with the Secretary of State . . . . the name of . . . . (certain of the defendants) . . . . ; and that they and each of them be enjoined and restrained from filing the acceptance of the above-named persons or either of them, as nominees on the Democratic Ticket of the State of Idaho, to be voted for at said Primary Election.

"It is further ordered that the said . . . . Secretary of State . . . . be enjoined and restrained from receiving or filing the nomination of . . . . (certain of the defendants) . . . . or receiving or filing the acceptance of the above-named parties or either of them as nominees and candidates for any of said offices, on the Democratic Ticket . . . . to be voted for at the Primary Election to be held on the first Tuesday of September, 1918; until further order of this Court.

"The order of Injunction herein to be in force only after the giving of a good and sufficient Bond in the sum of $1,000 by the plaintiff to the defendants, conditioned that the said plaintiff will pay to the defendants any damages that they or either of them may sustain, if it be determined that the Order of Injunction herein is wrongfully granted."

Pursuant to the foregoing order, the bond now sued upon was filed on the same day. The bond, omitting the title of court and cause, is as follows:

"Whereas the above-named plaintiff has commenced an action and issued summons therein in the District Court of the Seventh Judicial District of the State of Idaho in and for the County of Washington, against the above-named defendants, and is about to apply for an Order to Show Cause and a Restraining Order in said action, against said defendants, enjoining and restraining them and each of them from the commission of certain acts as in said complaint filed in said action are more particularly set forth and described,

"Now, Therefore, we, the undersigned, in consideration of the premises and of the issuance of said temporary injunction and restraining order, do jointly and severally, undertake in the sum of One Thousand ($1,000) Dollars, and promise to the effect that in case said Injunction is issued, the said plaintiff will pay to the said parties enjoined, such damages and reasonable counsel fees, not exceeding the said sum of One Thousand ($1,000) Dollars, as such defendants may sustain or incur, by reason of said injunction, if the said District Court finally decide that the said plaintiff was not entitled thereto.

"Dated at Weiser, Idaho, July 29th, 1918.

"AMERICAN SURETY CO. OF NEW YORK.

"By Bertram S. Varian,

"Its Attorney in Fact."

Upon the return day, August 1, 1918, respondents appeared, filed a general demurrer and a motion to strike, which were submitted to the court, and on August 6, 1918, judgment was rendered, sustaining the demurrer, dissolving the temporary restraining order and dismissing plaintiff's cause of action.

Appellant makes ten assignments of error, which it will not be necessary to discuss *seriatim.* The principal questions involved are whether the injunctive order set out above is a restraining order or a temporary injunction, and whether appellant is liable upon the bond, in view of its terms and the facts of this case.

Authority for the issuance of restraining orders is found in C. S., sec. 6773, which provides as follows: "If the judge or court deems it proper that the defendant, or any of several defendants, should be heard before granting the injunction, an order may be made requiring cause to be shown at a specified time and place, why the injunction should not be granted, and the defendant may in the meantime be restrained."

When the plaintiff upon the commencement of this action sought an injunction against defendants, the court evidently

deemed it proper that the defendants should be heard before the granting of an injunction, either for a limited period or perpetually, and therefore made the order requiring cause to be shown at a specified time and place, why the injunction should not be granted, and restrained the defendants in the meantime. The provision in the order "until further order of the court" had no other meaning than "in the meantime" or until the decision upon the order to show cause. (*Curtiss v. Bachman,* 110 Cal. 433, at 438, 52 Am. St. 111, 42 Pac. 910.) When the complaint was filed, the judge had a right to deny plaintiff's application until notice thereof was given to defendants, or he might then grant an order requiring them to show cause why such injunction should not be granted. Whichever course he took, he had the right to restrain defendants in the meantime. (C. S., secs. 6770, 6773; *Sweet v. Mowry,* 71 Hun, 381, 25 N. Y. Supp. 32.)

The technical distinction between a restraining order and a temporary injunction is clear, and it consists not in the particular phraseology used in the order, but in its effect and purpose under the existing circumstances. A restraining order is distinguishable from an injunction, in that a restraining order is intended only as a restraint upon the defendant until the propriety of the granting of an injunction, temporary or perpetual, can be determined, and it does no more than restrain the proceedings until such determination. (*Wetzstein v. Boston & M. Co.,* 25 Mont. 135, 63 Pac. 1043; 14 R. C. L., Injunctions, sec. 3, p. 306.)

While neither the order nor bond now under consideration may be regarded as models, yet when we consider the fact that the court did not exercise its power to grant a temporary injunction *en parte,* but issued the order to show cause why an injunction should not be granted, it is apparent that the order was intended to be a restraining order. The undertaking recites that "whereas the above-named plaintiff . . . . is about to apply for an order to show cause and a restraining order in said action . . . . now, therefore,

we, the undersigned, in consideration of the premises and of the issuance of the temporary injunction and restraining order,'' etc. Clearly, the surety contemplated giving an undertaking as a condition precedent to the issuance of the order to show cause and restraining order, and not for the purpose of procuring the issuance of an injunction *pendente lite*. It is not contended that this bond was intended to cover two distinct orders, a restraining order and also a temporary injunction which might have been but in fact was not granted thereafter upon the hearing. No necessity ever existed for a bond to support an injunction *pendente lite*, for no such order was applied for or issued.

No motion was made to dissolve the restraining order, but on the return day of the order to show cause, respondents simply sought to prevent the issuance of an injunction, and this they did by demurrer and motion to strike the complaint, in which they were successful, and the action was dismissed, and, out of abundance of caution, the restraining order was dissolved.

A restraining order is an order granted merely to suspend proceedings until there may be an opportunity to inquire whether any injunction should be granted, and it is not intended as an injunction *pendente lite*. (*In re Sharp*, 87 Kan. 504, Ann. Cas. 1913E, 460, 124 Pac. 532.) Had the court held with plaintiff, an injunction would have issued *pendente lite*, which later would have merged in a permanent injunction and become a part of the judgment. The court, however, sustained respondents' demurrer and dismissed the action, and the evidence does not show that respondents were damaged by reason of the restraining order, nor that any legal services were rendered in procuring a dissolution thereof.

As was said by the supreme court of Washington, in *White Pine Lumber Co. v. Aetna Indemnity Co.*, 42 Wash. 569, 85 Pac. 52: ''No motion to dissolve was directed against either of the restraining orders, and no order was made dissolving either. Consequently it cannot be said that any

attorney fees were occasioned on account of said orders. Attorneys were employed to resist the application for the injunction *pendente lite* and to have the proceedings quashed and the action defeated. The expenses incurred in employing attorneys for such purposes would not be a charge against the surety upon the bond given to render the restraining orders effective. (*Donahue v. Johnson,* 9 Wash. 187, 37 Pac. 322; *Thompson v. Benson,* 41 Wash. 70, 82 Pac. 1040.)''

The liability of a surety upon an injunction bond is measured by the terms of his contract—to such damages and reasonable counsel fees as may be sustained or incurred by reason of the injunctive order, and in order to recover for attorney fees upon the bond supporting a restraining order the defendant must take some affirmative action against the order before it has become defunct by operation of law. The services of respondents' counsel were rendered by virtue of the order to show cause why an injunction should not be granted, and not by reason of the restraining order, inasmuch as the latter expired by its own terms upon the determination of the motion, regardless of any action upon the part of respondents' counsel. To entitle themselves to attorney fees upon the bond, they must have moved against the restraining order before it expired. (*Curtiss v. Bachman, supra.*) Costs and counsel fees on a successful motion to dissolve a restraining order or injunction are considered the natural consequences of its existence, and are properly damages, but they must relate in some manner to the dissolution of the order rather than to the action to which the order is ancillary. Respondents might have sought to dissolve the restraining order before the return day, but they did not do so, evidently preferring to defeat the main action. So far as the restraining order is concerned, they did nothing, and are, therefore, entitled to no fee.

This court held in *Ferrell v. Coeur d'Alene & St. Joe Transp. Co.,* 29 Ida. 118, 157 Pac. 946, that: ''Where an injunction is granted *pendente lite,* it being only ancillary

to the relief sought, and no motion is made to dissolve it and obtain a decision of the court, but instead, the defendant prefers to defeat the action, he waives his right to recover counsel fees from the sureties on the injunction bond for services rendered in connection with the trial of the cause.''

Fees paid for services either in resisting an order to show cause or in preparing for or trying the main case are not proper items for which recovery may be had. (*Ferrell v. Coeur d'Alene & St. Joe Transp. Co., supra.*) Counsel fees may not be recovered upon a restraining order bond for services rendered in opposition to an order to show cause why an injunction should not issue, since such services are by virtue of the order to show cause, and not by virtue of the restraining order. (*Curtiss v. Bachman* and *Sweet v. Mowry, supra.*)

See, also, *Mitchell v. Hawley,* 79 Cal. 301, 21 Pac. 833; *Porter v. Hopkins,* 63 Cal. 53; *Allen v. Brown,* 5 Lans. (N. Y.) 511; and *Newton v. Russell,* 87 N. Y. 527.

It follows, from what has been said, that the order denying the motion for new trial should be reversed, with instructions to the trial court to enter judgment in favor of appellant, and it is so ordered. Costs are awarded to appellant.

Lee, J., concurs.

Dunn, J., concurs in the conclusion reached.

Rice, C. J., sat at the hearing, but subsequently discovered himself disqualified and took no part in the opinion.