SIDNEY WEISNER, Respondent, v. 791 PARK AVENUE CORPORATION, Appellant, et al., Defendant.— Order unanimously reversed on the law and on the facts and a new trial ordered, with $20 costs and disbursements to appellant to abide the event. In our opinion, appellant was entitled, pursuant to the provisions of section 894 of the Civil Practice Act, to an award in some amount for the damages sustained by it by reason of the injunction. In passing on this issue, however, consideration should be given to the nature of the restraint placed upon appellant as distinguished from the injunctive relief granted against the codefendant. While appellant's counsel in his testimony stated that no recovery was being sought "for securing the dismissal of the complaint but merely for securing the dissolution of the injunction or the denial of the injunction motion", no attempt was made in the evidence presented to implement this statement. The restraint placed upon appellant was peripheral. Its main objective was not to prevent injunctive relief being granted but to secure a dismissal of the complaint and establish the legal principle subsequently enunciated by the Court of Appeals that owners of co-operative apartments have the right to " decide for themselves with whom they wish to share their elevators, their common halls and facilities, their stockholders' meetings, their management problems and responsibilities and their homes." (6 N Y 2d 426, 434.) Thus, upon the new trial Special and Trial Term will be required to separate the services rendered by appellant's counsel in resisting or seeking to vacate the injunction and the legal work done in establishing the legal principle that the owner of a co-operative apartment has the right to arbitrarily withhold its consent to a transfer of a proprietary lease. Counsel fees for the former are compensable under the undertaking but not for the latter. Concur — Botein, P. J., Rabin, Valente, McNally and Bastow, JJ.

 PAUL GINSBURG, Appellant, v. HEARST PUBLISHING COMPANY, INC., et al., Respondents.— Orders entered March 10, 1959 and April 20, 1959 unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Breitel, J. P., Rabin, Valente and Bergan, JJ.

 WILLIAM E. REARDON, Appellant, v. W. LINWOOD HEAVER, Respondent. — Order so far as appealed from unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Breitel, J. P., Rabin, Valente and Bergan, JJ.

 In the Matter of the Appointment of a Committee of the Person and Property of JOHN W. ALICOATE, an Alleged Incompetent Person, Appellant. CHARLES A. ALICOATE, Appellant; PATTI A. BERGEN et al., Respondents.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Breitel, J. P., Rabin, Valente and Bergan, JJ.

 CHARLES ALBERT, Appellant, v. NEW YORK TELEPHONE COMPANY et al., Respondents.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Breitel, J. P., Rabin, Valente and Bergan, JJ.

 In the Matter of the Arbitration between S. M. WOLFF COMPANY, INC., et al., Appellants, and HARRY TULKOFF et al., Copartners Doing Business under the Name of TULKOFF'S HORSE RADISH PRODUCTS Co., Respondents.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Breitel, J. P., Rabin, Valente and Bergan, JJ.