713 P.2d 437

Sharon DEVINE, Plaintiff,

Carol Boney (Johnson);
Plaintiff-Appellant,

v.

Edward CLUFF, Defendant-Respondent.

Sharon DEVINE and Carol Boney
(Johnson), Plaintiffs,

v.

Edward CLUFF, Defendant-Respondent,

v.

WESTERN SURETY
COMPANY, Appellant.

Nos. 15312, 15316.

Court of Appeals of Idaho.

Aug. 6, 1985.
Addendum Jan. 20, 1986.

Bruce H. Greene of Greene & Greene, Sandpoint, for plaintiff-appellant, Carol Boney (Johnson).

Stephen F. Smith, Sandpoint for appellant, Western Surety Co.

James H. Paulsen, Sandpoint, for defendant-respondent, Edward Cluff.

SWANSTROM, Judge.

Appellants Carol Boney and Western Surety Company have filed separate appeals from a judgment awarding attorney fees to Edward Cluff for the wrongful issuance of a preliminary injunction. The sole issue on appeal is whether the district court erred in awarding fees and in allowing for their recovery from the injunction bond posted under I.R.C.P. 65(c) after a trial on the merits where no proof was submitted of any other damages resulting from issuance of the preliminary injunction. We affirm the judgment.

Carol Boney and Sharon Devine filed a complaint seeking to permanently enjoin Cluff from interfering with their claimed easements for water lines lying across Cluff's adjacent land. Cluff had twice interfered with the lines on his property. Following a hearing on an order to show cause, the district court issued a "temporary restraining order" after Boney furnished a bond as required by I.R.C.P. 65(c).[1] The bond was written by Western Surety Co. Cluff answered the complaint, denying Boney's and Devine's claims of prescriptive easements for the water lines. He counterclaimed for a roadway easement across Devine's property and for other relief. After a trial on the merits, the district court granted Devine a permanent water line easement and enjoined Cluff from interfering with it. Boney's claim for similar relief was denied because the court held that her prior use of a water line across Cluff's property had been permissive only.

---

1. As will be noted, rule 65(c) is applicable both to temporary restraining orders, issued ex parte, and to preliminary injunctions issued following a hearing. In this case, while the plaintiff requested and submitted a "temporary restraining order," the district court considered it to be a preliminary injunction and we refer to it that way.

Cluff also prevailed on his claim for a roadway easement across Devine's property. Finally, the judgment required appellants to pay the costs and attorney fees Cluff incurred in overturning the preliminary injunction as it related to Boney.

Appellants first assert that Cluff waived any claim for attorney fees by his failure to attack the restraining order prior to trial. Idaho Rule of Civil Procedure 65(c) provides:

> No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages including reasonable attorney's fees to be fixed by the court, as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained....

■ Generally, the recoverable attorney fees are those incurred in a proceeding to dissolve a temporary restraining order or a preliminary injunction rather than those earned through defending the merits of the action which results in dissolution of the injunction. S. SPEISER, ATTORNEYS' FEES 641 (1973). Boney cites *Ferrell v. Coeur d'Alene & St. Joe Transportation Co. Ltd.,* 29 Idaho 118, 157 P. 946 (1916), to support her contention that if a preliminary injunction is not resisted before trial, but is attacked at trial, then attorney fees cannot be awarded. In *Ferrell,* 29 Idaho at 125, 157 P. at 949, our Supreme Court stated:

> The principle announced by all of the authorities seems to be to the effect that in an action brought upon an injunction bond to recover counsel fees by reason of the unlawful issuance of the injunction, the recovery is limited to fees for services rendered in procuring a dissolution of the injunction on motion or appeal from the order granting it, where the injunction is merely incidental to the relief sought, or on final judgment in an action the sole and principal object of which is to obtain injunctive relief.

In *Ferrell* the Supreme Court refused to grant attorney fees because the injunctive relief sought in the underlying case was held to be ancillary to other claims for relief. The Court noted that no appeal was taken from the order granting the preliminary injunction and no motion was made to dissolve it. There the Court was not presented with any evidence showing what, if any, part of the total fees were incurred to obtain relief from the injunction.

To the extent that *Ferrell* is still controlling—and it may not be because of numerous statutory, procedural and rule changes since it was decided nearly seventy years ago—it does not preclude recovery by Cluff in this case. The principal object of Boney's suit against Cluff was to obtain injunctive relief. We believe that even under the *Ferrell* ruling Cluff would be permitted to await a trial on the merits to establish the wrongfulness of that injunction. In another case, our Supreme Court has stated: "Liability on the contract [injunction bond] is not dependent on the form of procedure pursued to procure a dissolution of the injunction...." *Idaho Gold Dredging Corp. v. Boise Payette Lumber Co.,* 60 Idaho 127, 135, 90 P.2d 688, 691 (1939). There it was held that attorney fees might be recovered when the enjoined party filed a demurrer which resulted in a dismissal of the action.

■ The statutes providing for injunction bonds in these earlier cases have been supplanted by rule 65, I.R.C.P. In examining the rule as a whole, we note that 65(a)(2) allows for the consolidation of a hearing on the application for a preliminary injunction with the trial on the merits. The Idaho rule contains identical language to rule 65(a)(2) of the Federal Rules of Civil Procedure. The goals of the federal rule are to increase court efficiency and to expedite the final disposition of cases involving preliminary injunctive relief. 11 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2941 (1973). In light of the provision in rule 65 allowing the consolidation of the preliminary injunction hearing and the trial on the merits in order to conserve time and costs involved, we hold that the plain meaning of I.R.C.P.

65(c) cannot be interpreted so narrowly as to deprive a wrongfully enjoined party of the right to attorney fees merely because the party failed to contest the restraining order *before* trial on the merits.

Where, as here, defense to a requested injunction ultimately depends upon careful preparation and proof of disputed facts, a party should not have to present that defense at the outset of the case under the time restraints imposed by an order to show cause. Accordingly, we hold that Cluff did not lose his right to claim costs and attorney fees by failing to resist the preliminary injunction prior to trial.

However, in such a situation, Cluff may only recover attorney fees applicable to the restraining order, not for the other legal services involved in the trial on its merits. *Schultz v. Pascoe*, 94 N.M. 634, 614 P.2d 1083 (1980); *Cheney v. City of Mountlake Terrace*, 20 Wash.App. 854, 583 P.2d 1242 (1978). Here, some of Cluff's attorney's services pertained to contesting Devine's claims and to the counterclaim, unrelated to the restraining order. Therefore, to recover Cluff is required to separate the services rendered by his counsel in resisting the restraining order and the legal work involved in the other litigated issues. *See Global Contact Lens, Inc. v. Knight*, 254 So.2d 807 (Fla.App.1971); *Aviation Investments, Inc. v. Johanson*, 177 So.2d 369 (Fla.App.1965); *Weisner v. 791 Park Avenue Corp.*, 11 A.D.2d 656, 201 N.Y.S.2d 985 (N.Y.App.Div.1960). *But see Luker v. Perry*, 351 So.2d 591 (Ala.Civ. App.1977) (holding that there must have been legal fees incurred in an effort to secure dissolution prior to a trial on the merits where injunctive relief is not the sole purpose of the complaint). We hold that under I.R.C.P. 65(c) the portion of attorney fees incurred to overturn the restraining order, as it related to Boney, are recoverable.

Appellants further contend that the district court erred in awarding attorney fees because Cluff failed to request damages in his counterclaim and failed to present any evidence of damages in the form of attorney fees during the trial on the merits. Cluff did request attorney fees in his counterclaim. The initial memorandum opinion by the district court did not grant attorney fees. From the wording in the opinion it is obvious that the judge then thought the only basis for awarding fees was I.C. § 12–121 and since he believed the action was not defended unreasonably by Boney no fees were awardable. I.R.C.P. 54(e)(1). Subsequent to the trial, Cluff filed a motion to enforce liability upon the bond given as an undertaking for the temporary restraining order, together with a memorandum of costs and his attorney's affidavits regarding fees. In the district court, Boney's sole objection to the requested award of attorney fees was that the district court had previously ruled attorney fees would not be awarded to either party. However, the district judge granted the requested attorney fees pursuant to I.R.C.P. 65(c). The district judge noted he had overlooked the preliminary injunction in making his previous memorandum decision.

On appeal, Boney asserts, without citing any authority, that due process requires damages in the form of attorney fees to be pleaded and proved at trial. We are not persuaded by this assertion. In his pleadings Cluff did request costs and attorney fees. He timely filed a memorandum of costs and attorney fees, accompanied by affidavits and by a motion to enforce liability upon the injunction bond. This procedure gave due notice to all concerned and it was proper. *See Pearson v. Sigmund*, 263 Or. 626, 503 P.2d 702 (Or.1972). Appellants further contend that if attorney fees under rule 65(c) are allowed to be recovered according to the procedure under I.R. C.P. 54(e), then a conflict arises because rule 54(e) requires certain findings to be made before attorney fees can be allowed. We find this argument to be irrelevant to the present case because findings are required under rule 54(e)(2) only when a court awards attorney fees pursuant to I.C. § 12–121.

■ Appellants finally contend the award of attorney fees granted is not sustainable because Cluff's attorney failed to separate the fees incurred for services required to attack Boney's claim, as opposed to services rendered to attack Devine's claim. However, the record shows that one of the affidavits filed by Cluff's counsel did purport to segregate out the time spent by the attorney in presenting the defense showing that Cluff had been wrongfully enjoined. At the hearing on the objection to such costs, the judge reduced the amount sought by certain items he thought should be excluded. Moreover, the record before us does not show that appellants' objection to costs went to the amount. Appellants merely objected to the entitlement to attorney fees. We hold that the objection to the amount of attorney fees has not been properly preserved for appeal. *McCorkle v. Great Atlantic Insurance Co.*, 637 P.2d 583 (Okla.1981).

Judgment affirmed. Costs to respondent, Edward Cluff. No attorney fees granted on appeal.

WALTERS, C.J., and BURNETT, J., concur.

### ADDENDUM

Respondent has petitioned for rehearing solely to urge that we reconsider our denial of attorney fees on appeal. He contends that we erred in failing to award him the fees incurred in his successful defense of the trial court's award of fees.

In Cluff's brief on petition for rehearing he relies on *Miller v. Donovan*, 13 Idaho 735, 92 P. 991 (1907) and *Idaho Gold Dredging Corp. v. Boise Payette Lumber Co.*, 62 Idaho 683, 115 P.2d 401 (1941), in support of his claim for attorney fees on appeal. In each of those cases the validity of the injunction issued by the trial court was an issue on appeal. In each case the attorney fees claimed were incurred by a party in successfully resisting the injunction on appeal. In other words, the fight over the validity of the injunction itself continued on from the trial court to the appellate courts. As noted, the present case is different. As a matter of law, the preliminary injunction in favor of Boney expired when the judgment was entered against Boney on the merits. The *validity* of the restraining order was no longer an issue in the case.

■ The Idaho Supreme Court has taken a very narrow view of a party's right to recover fees in resisting or overturning a temporary restraining order or an injunction. *See, e.g., Scholtz v. American Surety Co.*, 35 Idaho 207, 206 P. 187 (1922) (cited in *Idaho Gold Dredging* for the proposition that "any service rendered [after issuance of the injunction bond], in securing or maintaining *the dissolution of the writ*, is clearly within the terms of the contract and the statute." 62 Idaho at 696, 115 P.2d at 406 (emphasis added). In upholding the trial court's award of fees in the present case we departed somewhat from the holding in *Scholtz*. We were able to do so only because we felt that the provisions of Rule 65(b) of the I.R.C.P.—promulgated after *Scholtz*—encouraged a departure from the previous inefficient practice of requiring a *separate* attack and hearing on the merits of the preliminary injunction as a prerequisite to an award of fees against the injunction bond. However, nothing in Rule 65 suggests that fees incurred in this appeal should be collectible from the injunction bond. Such fees, in our view, are not "costs and damages" which were incurred because Cluff was "wrongfully enjoined or restrained." *See* I.R.C.P. 65(c). That issue had already been put to rest when the fees sought here were incurred.

Also, in our view, the appeals taken in this case were not taken or pursued frivolously, unreasonably or without foundation. Therefore, no fees should be awarded on appeal under I.C. § 12–121. Accordingly, we conclude that respondent's petition for rehearing should be denied.

WALTERS, C.J., and BURNETT, J., concur.