'(July 28, 1921.)

## WILLIAM STOEHR, Appellant, v. THE NATATORIUM COMPANY, a Corporation, Respondent.

[200 Pac. 132.]

STATUTORY CONSTRUCTION — WATER CORPORATION — PUBLIC UTILITY — DEDICATION TO PUBLIC SERVICE—NOT PRESUMED IN ABSENCE OF UNEQUIVOCAL INTENTION.

1. *Held,* that under the provisions of C. S., secs. 2392 and 2396, a water corporation which furnishes hot water to a limited number of persons for compensation does not thereby become a public utility, in the absence of a dedication of the property of such corporation to public service.

2. A corporation becomes a public service corporation, and therefore subject to regulation as a public utility, only when and to the extent that the business of such corporation becomes devoted to a public use.

3. Dedication of the property of a corporation to public use is never presumed without evidence of unequivocal intention.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles F. Reddoch, Judge.

Action for writ of mandate. Denied. *Affirmed.*

N. Eugene Brasie, for Appellant.

Whether or not a corporation is a public utility is determined by its acts and not by what its charter provides. (*Terminal Taxicab Co. v. Kutz,* 241 U. S. 252, Ann. Cas. 1916D, 765, 36 Sup. Ct. 583, 60 L. ed. 984; *State ex rel. M. O. Dansiger & Co. v. Public Service Commission,* 275 Mo. 483, 205 S. W. 36, P. U. R. 1919A, 353.)

The number of persons or the size of the community served does not determine its character. (*Riche v. Bar Harbor Water Co.,* 75 Me. 91; *In re Garden Home Water Works* (Or.), P. U. R. 1919D, 121.)

The original purpose or intention does not determine character. (*In re Appalachian Power Co.* (W. Va.), P. U. R.

1919D, 286; *In re New State Canal Co.* (Ariz.), P. U. R. 1919A, 672; *Winegrove v. Public Service Commission,* 74 W. Va. 190, 81 S. E. 734, L. R. A. 1918A, 210; *Hoff v. Montgomery,* 9 Cal. R. R. Com. 538, P. U. R. 1916D, 880; *In re Commonwealth Min. & Mill. Co.* (Ariz.), P. U. R. 1915B, 536.)

Service under contract does not alter character. (*Gittings v. Windsor Water Co.,* 6 Cal. R. R. Com. 498, P. U. R. 1915B, 1069; *Berry v. Oro Loma Farms Co.,* 13 Cal. R. R. Com. 513, P. U. R. 1917F, 631.)

The effect of rendering incidental service to members of the public will make corporation, otherwise private, a public utility. (*Hoff v. Montgomery, supra; In re Northern Power Corporation,* P. U. R. 1915B, 70; *Gittings v. Windsor Water Co., supra; In re Commonwealth Min. & Mill. Co.* (Ariz.), P. U. R. 1915B, 536; *Yeatman v. Towers,* 126 Md. 513, P. U. R. 1915E, 811, 95 Atl. 158.)

Richard H. Johnson and C. H. Nixon, for Respondents.

Sections 2391 and 2392, C. S., defining "water systems" and "water corporations," were not intended by the legislature to include hot springs or wells, nor corporations owning and operating the same.

The incidental sale of the limited surplus of hot water not required for the Natatorium, to a few persons under private contracts, is not a public use, it not being a necessity, and especially where there is an entire absence of any acts showing its dedication to a public use, and no obligation resting upon the company, independently of its will, to serve the public. (*State ex rel. M. O. Dansiger & Co. v. Public Service Commission,* 275 Mo. 483, 205 S. W. 36, P. U. R. 1919A, 353; *State v. White River Power Co.,* 39 Wash. 648, 669, 4 Ann. Cas. 987, 82 Pac. 150, 153, 2 L. R. A., N. S., 842, and note; *State v. Spokane etc. R. Co.,* 89 Wash. 599, 154 Pac. 1110; *Del Mar Light & Power Co. v. Eshleman,* 167 Cal. 666, 140 Pac. 591, 948; *Brown v. Gerald,* 100 Me. 351, 109 Am. St. 526, 61 Atl. 785, 70 L. R. A. 472; *Cawker v.*

*Meyer*, 147 Wis. 320, 133 N. W. 157, 37 L. R. A., N. S., 510; *Minnesota Canal etc. Co. v. Koochiching Co.*, 97 Minn. 429, 107 N. W. 405, 5 L. R. A., N. S., 638; *Avery v. Vermont Electric Co.*, 75 Vt. 235, 98 Am. St. 818, 54 Atl. 179, 59 L. R. A. 817; *Fallsburg Power etc. Co. v. Alexander*, 101 Va. 98, 99 Am. St. 855, 43 S. E. 194, 61 L. R. A. 129; *Boyd v. C. C. Ritter Lumber Co.*, 119 Va. 348, 89 S. E. 273, L. R. A. 1917A, 94; 1 Wyman on Pub. Service Corporations, sec. 243; Cooley, Const. Lim., 6th ed., 654, 655; *Board of Health v. Van Hoesen*, 87 Mich. 533, 49 N. W. 894, 14 L. R. A. 114; *Thayer v. California Development Co.*, 164 Cal. 117, 128 Pac. 21; *Burd Orphan Asylum v. School District of Upper Darby*, 90 Pa. 21, 29; 18 Corpus Juris, sec. 33, p. 52; *Washington W. P. Co. v. Montana P. Co.*, 3 P. U. C. I. 96, 106, P. U. R. 1916E, 144, 163; *Van Hoosear v. Railroad Commission*, 184 Cal. 553, 194 Pac. 1003; *In re Niagara Falls etc Ry. Co.*, 108 N. Y. 375, 15 N. E. 429; *Gaylor v. Sanitary District of Chicago*, 204 Ill. 576, 98 Am. St. 235, 68 N. E. 522, 63 L. R. A. 582; *Hildreth v. Montecito Creek W. Co.*, 139 Cal. 22, 72 Pac. 395.)

BUDGE, J.—This is an action for a writ of mandate to compel respondent to furnish appellant natural hot water for the purpose of heating his dwelling in Boise.

On Dec. 22, 1920, appellant filed his petition for writ of mandate, whereupon an order to show cause and an alternative writ of mandate were issued and served upon respondent, and the answer of respondent and appellant's demurrer thereto were filed. On Dec. 28, 1920, the state of Idaho ex rel. Public Utilities Commission filed a petition and complaint in intervention, and appellant's demurrer was argued and taken under advisement. On Jan. 19, 1921, the demurrer was overruled. On Feb. 12, 1921, a stipulation of facts, dated Jan. 29, 1921, was filed by counsel for appellant and respondent, and the state moved and was by order of court permitted to withdraw from the action. Judgment was rendered on Feb. 14, 1921, against appellant, dismissing the

alternative writ of mandate.  This appeal is from the judgment.

It was stipulated, among other things, that:

"The said hot water was not developed and acquired for the purpose of sale to the general public, and neither the Natatorium Company nor any of its predecessors in interest have ever held it open to use or purchase by the general public but at all times since its original discovery it was, and now is, intended for use primarily for the said Natatorium for sanitary and bathing purposes.  The said surplus hot water has never been offered for sale to any person, and was only supplied to additional consumers after they had made application therefor and were ready and willing to pay such compensation therefor as was requested by the owners thereof, and such owners have on many occasions since said hot water was discovered, refused, for satisfactory reasons, to supply it to various persons who desire the same. . . . . And the said owners have always taken the position that the said natural hot water was strictly a private and not a public use and they never at any time held out that such hot water was for sale to the public in general and never at any time did or suffered any act or thing to be done or performed with the intention of dedicating said hot water to a public use."

Under appellant's assignments, there is but one question for our determination, which is set forth in appellant's brief in the following language:

"Is defendant and respondent, in so far as its natural hot water system is concerned, a public utility?  If it is a public utility the lower court erred and should be reversed, and if it is not a public utility the lower court should be sustained by this court."

C. S., sec. 2396, provides that:

"The term 'public utility' when used in this chapter includes every . . . . water corporation . . . . as those terms are defined in this section . . . . "

C. S., sec. 2392, provides that:

"The term 'water corporation' . . . . includes every corporation . . . . owning, controlling, operating, or managing any water system for compensation within this state."

To hold that a water corporation is a public utility, because it receives compensation for water owned by it and furnished to a limited number of the inhabitants of Boise, within a limited area, would be an unreasonable interpretation of the foregoing statutes. Such a construction may involve the question of the constitutionality of the statutes. (*Allen v. Railroad Commission,* 179 Cal. 68, 175 Pac. 466, 8 A. L. R. 249, at 260.) In determining whether a corporation is a public utility, we must not lose sight of the basic principles underlying governmental control of business, nor fail to appreciate and respect constitutional limitations. (*Salt Lake City v. Utah Light & Traction Co.,* 52 Utah, 210, 173 Pac. 556, 3 A. L. R. 715.)

If the service is dedicated to the public or some portion thereof, or to persons within a given area, then any member of the public or of the given class, or any person within the given area, may demand such service without discrimination, and the public or so much of it as has occasion to be served is entitled to the service of the utility as a matter of right and not of grace. (*Del Mar Water, Light & Power Co. v. Eshleman,* 167 Cal. 666, 140 Pac. 591, 948.)

A corporation becomes a public service corporation, and therefore subject to regulation as a public utility, only when and to the extent that the business of such corporation becomes devoted to a public use. (*Thayer v. California Development Co.,* 164 Cal. 117, 128 Pac. 21.)

Moreover, as is stated in Wyman on Public Service Corporations, vol. 1, sec. 200, pp. 167, 168:

"It should be remembered, in justification of the imposition of the extraordinary law which requires those who are engaged in public callings to serve all that apply, that the service is voluntarily assumed. Even one who has acquired a virtual monopoly is not forced into public service against his will; it is only when he has held himself out in some way

as ready to serve that he is bound thereafter to deal with all indiscriminately.''

It was said in *Allen v. Railroad Commission, supra,* at p. 259 [179 Cal. 85], that:

''To hold that property has been dedicated to a public use is 'not a trivial thing' (*San Francisco v. Grote,* 120 Cal. 60, 65 Am. St. 155, 52 Pac. 127, 41 L. R. A. 335), and such dedication is never presumed 'without evidence of unequivocal intention' (*Niles v. Los Angeles,* 125 Cal. 572, 58 Pac. 190).''

In the present case the stipulation of facts clearly negatives any express or implied dedication by respondent of its hot-water service to the public, and justified the district court in finding that respondent was not a public utility.

The judgment should, therefore, be affirmed, and it is so ordered. Costs are awarded to respondent.

Rice, C. J., and McCarthy, Dunn and Lee, JJ., concur.