**292 P.2d 511**

**SAN MIGUEL POWER ASSOCIATION, a corporation; Empire Electric Association, a corporation, and Colorado-Ute Electric Association, a corporation, Plaintiffs,**

**v.**

**PUBLIC SERVICE COMMISSION of the State of Utah and Utah Power & Light Co., a corporation, Defendants.**

**No. 8365.**

Supreme Court of Utah.

Jan. 24, 1956.

Warwick C. Lamoreaux, Gustin, Richards & Mattsson, Salt Lake City, George Diltz, Cortez, Colo., George Kempl, Montrose, Colo., for plaintiffs.

E. R. Callister, Atty. Gen., Gerald Irvine, Salt Lake City, for defendants.

WADE, Justice.

Plaintiffs, San Miguel Power Association, Empire Electric Association and Colorado-Ute Electric Association have brought this matter here on a writ of certiorari to have reviewed the lawfulness of the Public Service Commission's decision granting to the Utah Power & Light Company a certificate of convenience and necessity to extend its electric power lines in San Juan County, Utah. The plaintiffs are non-profit electric power corporations owned entirely by their members, and the business of the San Miguel and Empire Electric Associations is the sale of electricity to their members. The Colorado-Ute Electric Association is a service unit for the other two named plaintiffs as well as some other cooperative electrical associations. The San Miguel and Empire Electric Associations have lines extending into the eastern portion of San Juan County and serve their members there.

The Utah Power & Light Co. filed with the Commission on March 15, 1955, an application for a certificate of convenience and necessity to extend its power lines into San Juan County. Plaintiffs filed a complaint and protest to this application alleging that they rendered public utility service in that area. Applicant moved to strike plaintiffs' complaint and protest and the Commission granted this motion and refused to allow plaintiffs to intervene in the hearing, present evidence or cross-examine witnesses.

If plaintiffs had the right to intervene in the hearing and present evidence or cross-examine witnesses it must be under the provisions of Sec. 54-4-25, U.C.A.1953, which provides, among other things, " * * that if any public utility in constructing or extending its line, plant or system shall interfere or be about to interfere with the operation of the line, plant or system of any other *public utility* already constructed, the commission, on complaint of the public utility claiming to be injuriously affected, may, after hearing, make such order and prescribe such terms and conditions * * as to it may seem just and reasonable." (Italics ours.) The Commission found that they were not public utilities and concluded that they had no standing in the matter as such. The plaintiffs did not ask the Commission to hear their evidence as interested persons on the question of whether or not the convenience and necessity of the public would be served if the application of the Utah Power & Light Co. were granted. Plaintiffs proffered to prove that they serve the territory in the environs of La Sal, in San Juan County, and that the principal mining activities in that county are within "a short and easy distance of the La Sal terminus of the lines of San Miguel" and that Empire is ready, willing and able to serve the present and foreseeable demands for power in the Monticello and La Sal areas. The Utah

Power & Light Co. presented evidence from which the Commission could reasonably find as it did that there was a need for greater electric services by both the city of Monticello and the mining and milling interests in San Juan County than they were receiving, and that such needs would increase with time due to uranium discoveries in those areas. This was sufficient evidence upon which the Commission could base its decision to grant the application of the Utah Power & Light Co. for a certificate of convenience and necessity. It is to be noted that the Commission did consider the facts in plaintiffs' proffer of proof as well as the evidence presented by the applicant before it decided to grant the application. It would appear, therefore, that unless the Commission was wrong in concluding that under the ruling of this court in the case of Garkane Power Co. v. Public Service Comm., 98 Utah 466, 100 P.2d 571, 132 A.L.R. 1490, plaintiffs were not public utilities and for that reason were not entitled as matter of right to be heard as such and to cross-examine witnesses, its action must be upheld.

■ Plaintiffs are non-profit electric cooperatives which can serve only their own members. This court held in the Garkane case that such electric corporations were not public utilities within the purview of Sec. 76–2–1(28) R.S.U.1933, now Sec. 54–2–1(28) U.C.A.1953, which provides that the term "public utility" includes an electric corporation "where the service is performed for, or the commodity delivered to, the public generally." Plaintiffs contend they can be distinguished from the electric cooperatives in that case because in their contracts with Rural Electrification Administration, from whom they have borrowed money, they have committed themselves to serve electric energy to all unserved persons who desire such service and meet the reasonable requirements of the cooperatives as a condition of such service. We can discern no valid distinction between these plaintiffs and the cooperatives in the Garkane case. Both require membership in the association before service is given and although membership may be easily obtained, without such membership no member of the general public is legally entitled to service. Such a requirement would not be considered unreasonable under the provisions of their contracts with the R.E.A. Since plaintiffs cannot legally be required to serve the public generally, they are not public utilities and the Commission correctly so decided.

From what we have said we do not wish to infer that the Commission may arbitrarily and capriciously refuse to acquaint itself with all facts necessary to make a decision whether the public convenience requires the granting of a certificate of convenience and necessity to an applicant and whether it would be an uneconomical duplication of facilities to render such services. In this case it appears the Commission was fully conversant with

the pertinent facts. Whether plaintiffs should have been allowed the right of cross-examination was within the discretion of the Commission. Had the Commission desired such aid from plaintiffs, it could have allowed them to present evidence and cross-examine witnesses, but since plaintiffs are not public utilities, the Commission was not required to allow them to intervene.

Affirmed. Each party to bear his own costs.

McDONOUGH, C. J., and CROCKETT, HENRIOD and WORTHEN, JJ., concur.