299 P.2d 484

CLEARWATER POWER COMPANY, Idaho County Light & Power Cooperative Association, Inc., Northern Lights, Inc., and Kootenai Rural Electrification Association, Inc., Petitioners-Appellants,

v.

WASHINGTON WATER POWER COMPANY, Defendant-Respondent,

and

Idaho Public Utilities Commission, Respondent.

No. 8384.

Supreme Court of Idaho.

June 28, 1956.

William J. Dee, Grangeville, Whitla & Knudsen, Coeur d'Alene, Edward C. Butler, Lewiston, Glenn E. Bandelin, Sandpoint, for appellants.

Carey H. Nixon, Boise, Alan G. Paine, Spokane, Wash., for respondent.

Graydon W. Smith, Atty. Gen., and Kenneth G. Bergquist, Asst. Atty. Gen., for Idaho Public Utilities Commission.

**TAYLOR, Chief Justice.**

The appellants are rural electrical, non-profit, cooperative corporations, organized pursuant to the Rural Electrification Acts of Congress.

August 4, 1955, these cooperatives filed a petition or complaint with the public utilities commission charging that the respondent Washington Water Power Company for the past several years has been extending its lines into territories and areas served by them; taking members from them and serving them with electricity; and serving individuals whom petitioners stand ready, willing and able to serve. The petitioners asked the commission to order the respondent to cease and desist from encroaching into territories served by them; to discontinue service to petitioners' former members and other consumers in those areas; to restore such former members and consumers to appellants; to remove its poles and transmission lines from territory served by appellants. The commission by its order No. 3444 dismissed the complaint for want of jurisdiction. A petition for rehearing was filed and denied on the same ground by the commission's order No. 3491. This appeal is from both orders.

█ It is established in this state that appellants are not public utilities and are not subject to the jurisdiction of the public utilities commission. § 61–104, I.C.; Sutton v. Hunziker, 75 Idaho 395, 272 P.2d 1012.

In their complaint the appellants allege that each of them is a non-profit, cooperative corporation "and supplies electrical power to its members."

█ The power and duty of the commission in cases involving encroachment or interference by one utility in the territory of, or contiguous to, another is defined by statute as follows:

"No street railroad corporation, gas corporation, electrical corporation, telephone corporation or water corporation, shall henceforth begin the construction of a street railroad, or of a line, plant, or system or of any extension of such street railroad, or line, plant, or system, without having first obtained from the commission a certificate that the present or future public convenience and necessity require or will require such construction: provided, that this section shall not be construed to require such corporation to secure such certificate for an extension within any city or county, or city or town, within which it shall have theretofore lawfully commenced operation, or for an extension into territory whether within or without a city or county, or city or town, contiguous to

its street railroad, or line, plant or system, and not theretofore served by a public utility of like character, or for an extension within or to territory already served by it necessary in the ordinary course of its business: and provided further, that if any public utility in constructing or extending its lines, plant or system, shall interfere or be about to interfere with the operation of the line, plant or system of any other public utility already constructed, the commission on complaint of the public utility claiming to be injuriously affected may, after hearing, make such order and prescribe such terms and conditions for the locating of the line, plant or system affected as to it may seem just and reasonable: * * *." § 61–526, I.C.

The power thus given to the commission to prevent interference by extensions of a public utility into territory already served, is limited to territory already served by "another public utility", and the complaint which the commission is authorized to hear is the "complaint of the public utility claiming to be injuriously affected." § 61–526, I.C. The commission is given no authority by that section to hear the complaint of cooperatives.

■ Appellants cite § 61–612, I.C., which in substance provides that any corporation or person may make complaint to the commission of any act of a public utility which the complainant claims to be a violation of law or of some order or rule of the commission. The complaint does not appear to charge any violation of an order or rule of the commission. Appellants allege the respondent has violated the above quoted section 61–526. As we have pointed out, that section does not apply to cooperatives and affords them no ground of complaint which the commission is authorized to hear. Moreover, that section expressly recognizes the right of respondent to extend its lines into contiguous territory.

Appellants also invoke § 61–527, I.C., which provides in effect that a public utility may not "henceforth" exercise any right or franchise granted by a county or municipality without first obtaining from the commission a certificate of public convenience and necessity. This was one of the provisions of the original act creating the commission. S.L.1913, Ch. 61, § 48b. Its obvious initial purpose was to require utilities holding municipal or county franchises to comply with the act, and secure a certificate from the commission. Appellants also charge that the respondent is doing business in the state without legal authority in that it has failed to comply with the public utilities law. These charges were not seriously urged upon the argument, nor are they supported in appellants' brief.

■ The commission in its order recognized that respondent "is a public utility

subject to the jurisdiction of this commission providing electric service in the aforementioned counties." This presupposes that it holds a proper certificate from the commission. Not only had it the right, under § 61–526, I.C., to extend its lines in those counties, but as a public utility it could be compelled by the commission in a proper case to do so. In Sutton v. Hunziker, supra, this court quoted from the constitution of one of the appellants the purpose of its organization as follows:

"'To generate, manufacture, purchase, acquire and accumulate electric energy *for its members only* and to transmit, distribute, furnish, sell and dispose of such electric energy to *its members only,* * * *.'* (Emphasis supplied.)" Sutton v. Hunziker, 75 Idaho 395, at page 400, 272 P.2d 1012, 1014.

■ These cooperatives serve only their members and cannot be required to extend their service to others. In such circumstances, a consumer in the territory of appellants who was not a member of a cooperative, whether because the cooperative did not accept him as a member, or he chose not to join or remain a member, could, if located within the economic reach of respondent's lines, compel respondent to extend its service to him. The Ohio commission required a public utility in that state to extend its service to one, Nafe, who had been a member of a cooperative, but, being dissatisfied with its service, asked and obtained an order that the public utility extend its service to him. In re Nafe, 4 P.U.R.3rd 369.

We conclude that the complaint is insufficient to invoke the jurisdiction of the commission. Inland Empire Rural Electrification v. Dept. of Public Service, 199 Wash. 527, 92 P.2d 258; Garkane Power Company v. Public Service Commission, 98 Utah 466, 100 P.2d 571, 132 A.L.R. 1490; Sheridan County Electric Co-op. v. Montana-Dakota Utilities Company, 128 Mont. 84, 270 P.2d 742; San Miguel Power Ass'n v. Public Service Commission, 4 Utah 2d 252, 292 P.2d 511; Kansas City Power and Light Company v. Douglas McKay, Sec'y of the Interior, 96 U.S.App.D.C. 273, 225 F.2d 924; Re Ozark Utilities Co. (Mo. P.S.C.) 21 P.U.R., N.S., 47; Re San Jose Hills Water Co. (Cal.R.C.) 57 P.U.R., N.S., 503; Public Service Commission v. Montana-Dakota Utilities Co. (N.D.1951) 90 P.U.R., N.S., 266.

The orders appealed from are affirmed. Costs to respondents.

KEETON, ANDERSON and SMITH, JJ., and BAKER, D. J., concur.