361 P.2d 788

UNITY LIGHT & POWER COMPANY a non-profit cooperative association, Plaintiff-Appellant,

v.

CITY OF BURLEY, Idaho, a municipal corporation, Defendant-Respondent.

RURAL ELECTRIC COMPANY, a non-profit cooperative association, Plaintiff-Appellant,

v.

CITY OF BURLEY, Idaho, a municipal corporation, Defendant-Respondent.

Nos. 8982, 8983.

Supreme Court of Idaho.

May 8, 1961.

As Modified on Denial May 26, 1961.

Richards, Haga & Eberle, Boise, Lowe & Lowe, Burley, and William J. Dee, Grangeville, for appellant.

Herman Bedke, Burley, for respondent.

McFADDEN, Justice.

Appellants are separate non-profit cooperative associations engaged in the distribution of electricity to their respective members. Respondent, a municipal corporation organized and existing under the laws of the State of Idaho, distributes electricity to residents of the City. For several years prior to these actions appellants have served member consumers in rural areas contiguous to the City, appellant Unity Light & Power Company in an area immediately south of respondent City and appellant Rural Electric Company in an area across the Snake River to the north. Beginning in October, 1959, respondent began extending its city limits, annexing portions of the areas served by appellants, and by reason of such annexation respondent claims the right to deliver electricity to all consumers within the annexed areas and to exclude appellants therefrom.

Respondent commenced construction of power lines into the annexed portions of the areas served by appellants, and appellants brought separate actions for both temporary and perpetual injunction, seeking to restrain respondent from constructing its power lines within the areas served by appellants or within one thousand feet of appellants' lines, and from interfering in any way with appellants' system, customers or territory, alleging threatened irreparable injury. They also asked that respondent be required to remove its lines

already constructed in such areas. After hearings on separate Orders to Show Cause, the district court denied the motions for preliminary injunction. Appeals were taken, and the cases have been consolidated for hearing and decision by this court.

I.C. sec. 13–201 permits appeal to this court from an order refusing to grant an injunction. Cases construing this section have assumed, without deciding, that the term "injunction" includes both temporary and permanent injunctions. Porter v. Speno, 13 Idaho 600, 92 P. 367; Ferrell v. Coeur d'Alene, etc., Trans. Co., 29 Idaho 118, 157 P. 946; Douglas v. Eby, 11 Idaho 789, 85 P. 102; LaVeine v. Stack-Gibbs Lumber Co., 17 Idaho 51, 104 P. 666; Rowland v. Kellogg Power & Water Co., 40 Idaho 216, 233 P. 869. The orders denying motions of the respective appellants for preliminary injunction are appealable under I.C. sec. 13–201.

Appellants urge error on two grounds. They claim to be entitled, as a matter of right, to a preliminary injunction pending hearings in the district court on the merits, relying on I.C. secs. 61–332, 61–333 and 61–334 (S.L.1957, Ch. 133), sometimes referred to as the "Antipirating Law." They also contend that they are entitled to injunctive relief under general rules of equity.

Respondent takes the position that a municipality is not·subject to the "Antipirating Law" provisions of S.L.1957, Ch. 133 (I.C. secs. 61–332, 61–333, 61–334) and that appellants have not shown a prima facie case for injunctive relief under the general rules of equity.

Construction of these sections is necessary to determine whether their provisions are applicable to respondent municipal corporation, so as to entitle appellants to their requested preliminary injunctions. The statute provides:

"No public utility and no cooperative association organized for the purpose of furnishing electric service to its members or consumers only, shall extend or render electric service directly or indirectly to the premises of any person already receiving electric service directly or indirectly from another public utility or another such cooperative association, or to a service location which has been previously served by a public utility or cooperative association * * *." I.C. sec. 61–332; 1957, Ch. 133, sec. 1, p. 226.

"No public utility and no cooperative association organized for the purpose of furnishing electric service to its members or consumers only, shall construct any electric service line to serve any consumer where the property to be served is within one thousand feet of existing central station service, electric lines or lines of another public utility or cooperative association; provided, that in the event two exist-

ing lines are within the said one thousand feet of a new consumer, the public utility or cooperative association whose line is nearest the said new consumer shall serve the same." I. C. sec. 61–333; 1957, ch. 133, Sec. 2, p. 226.

"Application on proper complaint may be made for an injunction in the district court for violation of section (s) 61–332 and 61–333. If the matter cannot be heard upon its merits immediately, the said district court shall issue a preliminary injunction, after a proper undertaking being furnished by the complaining party; if, after a trial upon the merits, sufficient cause appears therefor, the preliminary injunction shall be made permanent." I.C. sec. 61–334; 1957, ch. 133, Sec. 3, p. 226.

This act has been codified as part of the Public Utilities Law, which, in defining "public utilities," excludes municipal corporations (I.C. Secs. 61–104, 61–119 and 61–129.) The Idaho Code Commission appended this statute to the Public Utilities Law even though it was enacted as a separate Act and not as an amendment. 1957, ch. 133, secs. 1–3, p. 226. Since we have been referred to no legislation authorizing its inclusion in the Public Utilities Law, the definitions of that Law are not necessarily applicable to ch. 133, S.L.1957, solely by reason of such inclusion.

Appellants reason that the enactment of this law as a separate enactment is determinative of a legislative intent to use the term "public utilities" in a generic sense. This contention is not supported by the cases cited to us by appellants. E. g., Stoehr v. Natatorium Co., 34 Idaho 217, 200 P. 132; Kiefer v. City of Idaho Falls, 49 Idaho 458, 289 P. 81; Schmidt v. Village of Kimberly, 74 Idaho 48, 256 P.2d 515. Nor is it supported by reason. When the language used in a statute has a definite, clear meaning and applies to a certain case, the courts must give effect to that meaning whether or not the individuals comprising the legislature anticipated the result. See, State v. Armstrong, 38 Idaho 493, 501, 225 P. 491, 33 A.L.R. 835. If the legislature intended to subject municipalities to this Law it should have done so specifically.

The evil sought to be remedied by this Law appears, to have been the pirating of customers between cooperative associations, and public utilities subject to regulation under the Public Utilities Law. See, Clearwater Power Company v. Washington Water Power Company, 78 Idaho 150, 299 P.2d 484. We have nothing before us to indicate that the legislature considered or intended to include municipal corporations.

We conclude that the term "public utilities" in ch. 133, S.L.1957, is to be construed as it is defined in the Public Utilities Law. Respondent municipality is not subject to ch. 133 (I.C. secs. 61–332, 61–333

and 61–334), and appellants are not entitled to preliminary injunction under that statute.

That appellants are not entitled to preliminary injunction under the general equity power of the courts is equally clear. The granting or refusing of injunctive relief rests in the sound discretion of the court. I.C. sec. 8–402; Price v. Grice, 10 Idaho 443, 79 P. 387; Harriman v. Woodall, 31 Idaho 750, 176 P. 565; White v. Coeur d'Alene Big Creek Min. Co., 56 Idaho 282, 55 P.2d 720; Rowland v. Kellogg Power & Water Co., 40 Idaho 216, 233 P. 869. The exercise of such discretion by the trial court in granting or refusing a temporary injunction will not be reversed on appeal unless a clear abuse of discretion is shown. Shields v. Johnson, 10 Idaho 454, 79 P. 394; Weber v. Della Mountain Min. Co., 11 Idaho 264, 81 P. 931. See also dissent, Gilbert v. Elder, 65 Idaho 383, 390, 144 P.2d 194. The record does not support appellants' claim of threatened irreparable damage, nor does it show any abuse of discretion by the district court.

The orders of the district court denying motion by appellants for preliminary injunction are hereby affirmed.

As amended on petition for rehearing. Petition denied.

Costs to respondent.

TAYLOR, C. J., and SMITH, KNUDSON and McQUADE, JJ., concur.