# 100

524 P.2d 1072

**Teresa D. WOOD, Plaintiff-Appellant,**

v.

**Warren L. WOOD, Defendant-Respondent.**

No. 11501.

Supreme Court of Idaho.

July 17, 1974.

May, May & Sudweeks, Twin Falls, for plaintiff-appellant.

Plankey & Johnson, Twin Falls, for defendant-respondent.

PER CURIAM.

This is an appeal from an order of the district court dissolving a portion of a temporary restraining order previously issued in an action instituted by Teresa D. Wood, plaintiff-appellant, against her husband, Warren L. Wood, under the provisions of I.C. § 32–1005.[1]

It is the conclusion of this court that the order appealed from is a non-appealable order and this appeal must be dismissed. I.C. § 13–201 authorizes appeals to the Supreme Court from a district court, and paragraph 2 thereof provides that an appeal may be taken from an order granting or dissolving an injunction. Previous cases of this court have recognized the appealability of orders granting or denying "preliminary" and "permanent" injunctions. Lyon v. Cascade Commodities Corp., 94 Idaho 714, 496 P.2d 951 (1972); Unity Light & Power Co. v. City of Burley, 83 Idaho 285, 361 P.2d 788 (1961). However, since adoption of IRCP 65(b) there appear to be no cases which have recognized the appealability of an order granting or dissolving a temporary restraining order issued under the provisions of that rule.

Federal courts in interpreting the provisions of Fed.R.Civ.P. 65(b)[2] have held that an order vacating a temporary restraining order is not appealable. Austin v. Altman, 332 F.2d 273 (2d Cir. 1964); Wirtz v. Powell Knitting Mills Co., 360 F.2d 730 (2d Cir. 1966); Leslie v. Penn Central RR Co., 410 F.2d 750 (6th Cir. 1969). See, Annot., 19 A.L.R.3d 459 (1968); 7 Moore's Federal Practice, ¶ 65.07, pp. 65–83 (1973); 11 Wright & Miller, Federal Practice and Procedure, § 2962, p. 616 (1973).

---

1. I.C. § 32–1005. "Custody of children after separation of parents.—When a husband and wife live in a state of separation, without being divorced, any court of competent jurisdiction, upon application of either, if an inhabitant of this state, may inquire into the custody of any unmarried minor child of the the marriage, and may award the custody of such child to either, for such time and under such regulations as the case may require. The decision of the court must be guided by the welfare of the child."

2. 28 U.S.C.A. § 1292, providing for appeals in interlocutory orders, is very comparable in import to I.C. § 13–201(2), both of them authorizing an appeal from granting, refusing or dissolving injunctions.

By the very terms of IRCP 65(b), a temporary restraining order issued ex parte is of limited life (10 days with possible extension of 10 days) and issues only after a showing to the court that "immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon." The function of such an order is to preserve the status quo during the interim and until a hearing can be held after notice to the adverse party on the application for a preliminary injunction. The appellate process is not geared to handle orders of such a temporary nature, for by the time an appeal could normally be effected, the order would have expired by its own terms. Therefore, the appeal is dismissed. Costs to respondent.